******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

UKTI PHADNIS *v.* GREAT EXPRESSION DENTAL
CENTERS OF CONNECTICUT, P.C.
(AC 37878)

DiPentima, C. J., and Alvord and Pellegrino, Js.

*Argued October 19, 2016—officially released January 3, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Elgo, J.)

*Michael T. Petela, Jr.*, for the appellant (plaintiff).

*Jeffrey D. Wilson*, pro hac vice, with whom were
*Brian C. Hoeing* and, on the brief, *Valerie M. Ferdon*,
for the appellee (defendant).

*Opinion*

PER CURIAM. This is an appeal from the judgment rendered by the trial court granting summary judgment in favor of the defendant, Great Expression Dental Centers of Connecticut, P.C., in an action commenced by the plaintiff, Ukti Phadnis, a dentist employed by the defendant. The plaintiff asserted that she was wrongfully terminated from her employment as a result of pregnancy discrimination, unlawful retaliation, breach of contract, breach of implied contract and breach of the covenant of good faith and fair dealing. The trial court found that there were no genuine issues of material fact and that the defendant was entitled to judgment as a matter of law. On appeal, the plaintiff claims that the trial court improperly granted the defendant's motion for summary judgment as to all of the plaintiff's claims. We agree with and affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff was hired by the defendant on December, 12, 2011, as a full-time dentist at the defendant's East Windsor office. In May, 2012, the plaintiff notified the defendant that she was pregnant. The plaintiff requested accommodations to limit her exposure to X ray radiation and for an adjusted schedule due to her morning sickness. Although the defendant accommodated these requests, the plaintiff was late to work nearly every day from June, 2012, until her termination in August, 2012. The defendant's stated reasons for the plaintiff's termination were her chronic tardiness, complaints from staff and patients concerning her performance, and unprofessional interactions with staff. The plaintiff commenced the present action alleging various violations of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq., in addition to her claims of wrongful discharge, breach of contract, and breach of the covenant of good faith and fair dealing. The defendant subsequently filed a motion for summary judgment, which the trial court granted as to all counts. This appeal followed.

After carefully considering the briefs and arguments raised at oral argument by both parties, we affirm the judgment of the trial court. The thoughtful and well reasoned opinion of the trial court fully addresses the arguments raised in this appeal, and we adopt it as a proper statement of the facts and the applicable law on those issues. *Phadnis* v. *Great Expression Dental Centers of Connecticut, P.C.*, 170 Conn. App. 82, A.3d        (2015) (appendix). It would serve no useful purpose for us to repeat the discussion contained therein.

The judgment is affirmed.